# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| RANDY FOWLER, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 3:02-CR-21-JTC |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 3:04-CV-0080-JTC |

## ORDER AND OPINION

Movant, Randy Fowler, is presently incarcerated at a federal penitentiary in Manchester, Virginia. Movant seeks, via 28 U.S.C. § 2255 [Doc. 171], to challenge the validity of his August 11, 2003, conviction and sentence following a negotiated guilty plea. This matter is before the Court on the instant § 2255 motion [Doc. 171] and the Government's response [Doc. 179]. For the reasons set forth in detail below, Movant's § 2255 motion will be denied.

## I. Background

As part of a multi-count indictment brought against several defendants, Movant was charged on October 8, 2002, with one count of conspiracy to possess with the intent to distribute at least 500 grams of methamphetamine, in violation of 18 U.S.C. §§ 841 and 846 (Count One). [Doc. 1]. At all relevant times during the criminal proceeding, Movant was represented by Stanley Baum.

On April 10, 2003, Movant entered a negotiated guilty plea to Count One. [Doc. 123].  The negotiated plea agreement provided that Movant was aware of the sentencing court's requirement "to consider the provisions of the United States Sentencing Guidelines but may depart from these guidelines under some circumstances and may impose a sentence up to and including the maximum." [Doc. 123 at 2].  The agreement also included the following relevant limited waiver-of-appeal provision:

> To the maximum extent permitted by federal law, . . . [Movant] voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that [Movant] may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. [Movant] understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, [Movant] may also file a direct appeal of the sentence.

[Doc. 123 at 4].  This Court accepted the guilty plea and ordered the probation officer to prepare a Pre-Sentence Investigation Report ("PSR").

In the PSR, the probation officer listed Movant's base offense level at 32 based on the drug quantity determination of 2,859 kilograms of marijuana.  (PSR at ¶ 89). The probation officer then recommended a two-level enhancement "because dangerous weapons (firearms) were possessed during the commission of the instant offense. (PSR at ¶ 91).  The probation officer further recommended a two-level enhancement for obstruction of justice.  (PSR at ¶ 94).  Accordingly, the probation officer set

2

Movant's adjusted offense level at 36.  (PSR at ¶ 96).  After determining Petitioner's criminal history category to be III, the probation officer calculated Movant's guideline range to be 235-293 months.  (Id. at p. 23).

On July 30, 2003, the undersigned conducted a sentencing hearing as to Movant and co-defendant Charlie Sturgill.  [Doc. 138] (July 30, 2003, Sentencing Transcript ("ST")).  Through counsel, Movant objected to any attempt by the Government to contest the drug-quantity determination made by the probation officer in the PSR.  (PSR at p. 13; ST at 3-4).  During the sentencing hearing, the Government conceded that the drug-quantity determination should remain the same.  (ST at 121).

Thereafter, this Court overruled Movant's objection to the two-level enhancement for obstruction of justice.  (ST at 146-47).  This Court then sustained Movant's objection to the probation officer's failure to recommend a reduction for acceptance of responsibility and granted Movant a three-level downward adjustment.  (St at 147-48).  After reducing Movant's adjusted offense level to 33, this Court calculated his guideline range to be 168-210 months.  (ST at 156).  This Court sentenced Movant to 168 months in prison on his Count One conviction.  (ST at 156, 163).  Movant did not directly appeal his conviction and sentence, which was entered on August 11, 2003.  [Doc. 143].

Proceeding pro se in the instant § 2255 motion, Movant asserts the following grounds for relief: (1) Movant's counsel rendered constitutionally inadequate assistance in connection with the criminal proceeding by failing to prepare proper defenses "during the preliminary, sentencing and appeal phases of this case" (Ground One); (2) Movant's Sixth Amendment and due process rights were violated in connection with the imposition of certain sentencing enhancements based upon facts not charged in the indictment (Ground Two); and (3) the Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004), should be retroactively applied (Ground Three) to the facts of this case.  [Doc. 171 at ¶ 12, Brief at 3-11].

## II. Standard of Review

Federal courts have consistently held that a collateral challenge to a federal conviction and sentence, such as the instant § 2255 motion, "may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), cert. denied, 125 S.Ct. 167 (2004). As stated by the Supreme Court, "[o]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume [she] stands fairly and finally convicted, especially when . . . [she] already has had a fair opportunity to present [her] federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Thus, "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166. Federal

4

courts may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989).

The threshold inquiry in considering § 2255 claims is whether the alleged errors are cognizable in a § 2255 proceeding. Lynn, 365 F.3d at 1233. As recognized in Lynn, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation and citation omitted).

Even if the claims are technically cognizable in a § 2255 motion, a movant must, nevertheless, assert all challenges on direct appeal. See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). If available challenges to a federal criminal conviction or sentence are not advanced on direct appeal, those claims will be considered procedurally defaulted in a § 2255 proceeding. Id. "This rule applies to all claims, including constitutional claims." Lynn, 365 F.3d at 1234. A claim is "usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id.

5

Absent a showing that the claim was unavailable, a § 2255 movant can avoid a procedural bar of the claim by demonstrating one of two exceptions to the general procedural default rule. Lynn, 365 F.3d at 1234. Under the first exception, the movant must establish "cause for not raising the claim of error on direct appeal *and* actual prejudice resulting from the alleged error." Id. (emphasis in original). Under the second exception (sometimes referred to as the "fundamental miscarriage of justice exception"), the court may excuse the failure to show cause for a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 1234-35 (internal quotation and citation omitted).

### III.  Analysis

**1.  Grounds Two and Three**

In Grounds Two and Three,[1] Movant essentially challenges the sentencing court's imposition of a two-level enhancement for possession of a weapon and a two-level enhancement for obstruction of justice. Movant claims that the sentencing court violated his Sixth Amendment and due process rights by imposing these sentence enhancements based upon facts not charged in the indictment (Ground Two) and that

---

[1] For ease of analysis, this Court will address Movant's claims in Grounds Two and Three before addressing his ineffective-assistance-of-counsel claims in Ground One.

6

the Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004), should be retroactively applied to cases on collateral review (Ground Three). [Doc. 171 at 7-11].

The Government contends that Movant's claims in Grounds Two and Three are procedurally barred because Movant cannot show either cause or prejudice to excuse his failure to raise these grounds on direct appeal. [Doc. 179 at 6]. The Government further states that these claims are based on a new constitutional rule announced by the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Because such rule does not apply retroactively to cases on collateral review, the Government contends that Movant is not entitled to relief as to Grounds Two and Three. [Id. at 7].

Before Blakely was decided, the United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In Blakely, the Supreme Court clarified that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at 303-04. In Booker, the Supreme Court specifically applied Blakely to the federal sentencing guidelines. Booker, 543 U.S. at 242. Thus, pursuant to Booker/Blakely, the

7

Sixth Amendment is violated by the imposition of an enhanced sentence under the guidelines, at least with respect to imprisonment, based on the sentencing judge's determination of a fact that was neither found by the jury nor admitted by the defendant. Id. at 234-35.

The Eleventh Circuit recently has held that the Supreme Court decisions in Booker and Blakely do not apply retroactively to cases on collateral review, such as a § 2255 motion. Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S.Ct. 312 (2005). The Eleventh Circuit explained that the constitutional rule announced in Booker and Blakely is a "prototypical procedural rule" that "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to section 2255 cases on collateral review" and is not a "'watershed rule[] of criminal procedure' to be applied retroactively." Id. at 867-68 (quoting Schriro v. Summerlin, 124 S.Ct. 2519, 2526 (2004)).

In the instant case, Movant's federal conviction and sentence occurred on August 11, 2003, well before the Supreme Court issued its decisions in Booker and Blakely. Because claims arising under Booker and Blakely were not available at the time Movant could file his direct appeal, they should not be procedurally defaulted. See Mills, 36 F.3d at 1055. However, because the rules announced in Booker/Blakely are not retroactively applicable for purposes of collateral review, this Court finds that

8

AO 72A
(Rev.8/82)

it committed no constitutional error when it imposed the sentencing enhancements in the absence of facts not charged in the indictment.[2] Accordingly, Grounds Two and Three are subject to dismissal.

## 2. Ground One

In Ground One, Movant claims that his counsel rendered constitutionally inadequate assistance in connection with the criminal proceeding by failing to prepare proper defenses "during the preliminary, sentencing and appeal phases of this case." While difficult to discern his specific claims in Ground One, Movant appears to focus on counsel's alleged ineffectiveness in connection with the imposition of the two-level enhancement for obstruction of justice. Movant contends that counsel failed to properly investigate and defend this issue, thereby resulting in a conviction for a crime (obstruction of justice) not contained in the original indictment. Movant further contends that counsel's failure to present this issue on appeal was ineffective.

---

[2] Moreover, Movant has failed to state a due process claim with respect to the imposition of the sentencing enhancements. Due process at sentencing simply "requires that facts be found by the district court under a preponderance-of-the-evidence standard," that "any information presented at sentencing bear minimal indicia or reliability," and that the "defendant be given an opportunity to refute it." United States v. Coleman, Case No. 05-13748, 2006 WL 1746889 at *2 (11th Cir. June 27, 2006). Movant makes no specific argument to suggest that he was not afforded these due process protections at sentencing when the undersigned enhanced his sentence by two levels each for possession of a firearm and obstruction of justice.

Movant failed to raise any of his ineffective-assistance-of-counsel claims in Ground One via a direct appeal. However, the Supreme Court in <u>Massaro v. United States</u>, 538 U.S. 500 (2003), excepted ineffective-assistance-of-counsel claims from the general procedural default rule. <u>Id.</u> at 508-09 (noting that it is preferable to raise ineffective-assistance-of-counsel claims in a § 2255 motion as opposed to a direct appeal and that the failure to raise such a claim "on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Accordingly, this court will consider Movant's ineffective assistance of counsel claims on the merits instead of applying the "cause and prejudice" test set forth in <u>Lynn</u> and <u>Mills</u>.

The standard for evaluating ineffective assistance of counsel claims was set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The analysis is two-pronged, and the court may "dispose of the ineffectiveness claims on either of its two grounds." <u>Atkins v. Singleterry</u>, 965 F.2d 952, 959 (11th Cir. 1992); <u>see</u> <u>Strickland</u>, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffectiveness claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Movant must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "A strategic decision by defense counsel will be held to

10

constitute ineffective assistance 'only if it was so patently unreasonable that no competent attorney would have chosen it.'(citation omitted)" Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987). Likewise, appellate counsel is not obligated to raise on appeal every conceivable trial error. See Smith v. Murray, 477 U.S. 527, 536 (1986).

To meet the second prong, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. See Strickland, 466 U.S. at 694. That is, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

In this case, Movant has failed to demonstrate the first prong of the Strickland test – that counsel rendered professionally incompetent assistance. Movant's ineffective-assistance-of-counsel claims essentially relate to counsel's failure to assert a Booker/Blakely challenge to the sentence enhancement for obstruction of justice. However, as discussed above, the Supreme Court rendered these decisions well after Movant's August 11, 2003, conviction and sentence. Counsel's failure to anticipate the rulings in Booker and Blakely does not constitute deficient assistance of counsel

11

following the plea, at sentencing, or on appeal.³ See United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995) (concluding that counsel does not render ineffective assistance "because [he] fails to base its decisions on laws that might be passed in the future."); Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (holding that "an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."); Washington v. United States, Case No. 2:04-0975, 2006 WL 925182 at *10 (S.D. W.Va. April 10, 2006) (concluding that counsel did not render ineffective assistance based on his failure "to be clairvoyant concerning the Supreme Court's rulings over a year and a half later" in Booker and Blakely).

Contrary to Movant's generalized assertions in Ground One, Movant's counsel provided effective representation following the plea and at sentencing. The record

---

³ In his § 2255 motion, Movant states in a conclusory fashion that counsel failed to file a direct appeal. Under certain circumstances, the mere failure of an attorney to file a direct appeal may establish ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 477-86 (2000); Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005). In Roe, the Supreme Court established a multi-step analytical framework to be applied in considering ineffective-assistance-of-counsel claims predicated upon counsel's failure to file a notice of appeal on the defendant's behalf. Roe, 528 U.S. at 477-88. Thus, out of an abundance of caution, this Court ordered Movant on February 28, 2006, to provide more specific allegations and evidentiary support in connection with counsel's alleged failure to file a direct appeal. [Doc. 181]. Movant, however, has filed no response. Thus, this Court finds that Movant does not intend to assert a separate ineffective-assistance-of-counsel claim in Ground One based on counsel's failure to file a direct appeal on Movant's behalf.

reflects that counsel vigorously challenged the two-level obstruction-of-justice enhancement, even though it was ultimately overruled by the undersigned. In addition, counsel's efforts in response to the PSR and at sentencing resulted in no change in Movant's drug quantity determination as well as a three-level reduction for acceptance of responsibility. Because Movant's counsel rendered effective representation, this Court finds that Movant is not entitled to relief with respect to his claims in Ground One.

### IV.  Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Movant Randy Fowler's 28 U.S.C.§ 2255 motion [Doc. 171] is **DENIED** without the necessity for an evidentiary hearing and that the instant action is **DISMISSED**.

**IT IS SO ORDERED**, this 5th day of August, 2006.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)